```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Molly Lewis, as Executrix     )
of the Estate of Scott Lewis, )
and Parent and Legal Guardian )
of Z.L., T.L., and A.L.,      )
                              )
          Plaintiff,          )
                              )
     v.                       )    Case No. 2:23-cv-639
                              )
VR US Holdings II, LLC, d/b/a )
Stowe Mountain Resort, Terra- )
Nova LLC, Zip Install, LLC,   )
Petzl America, Inc., and JB   )
Technologies, LLC d/b/a       )
Precisioneering,              )
                              )
          Defendants.         )
```

**OPINION AND ORDER**

This case arises out of the tragic death of Scott Lewis, formerly a professional zip line guide at Stowe Mountain Resort. Lewis died after he ejected from a zip line while travelling at a high rate of speed. Molly Lewis ("Plaintiff"), as Executrix of his Estate ("Estate") and parent and legal guardian of the Lewis children, brings this action against several Defendants, including Lewis's former employer, VR US Holdings II, LLC d/b/a Stowe Mountain Resort ("Vail"). The Complaint asserts three causes of action against Vail: wrongful death (Count I), loss of companionship (Count VII), and punitive damages (Count VIII).

Vail moves to dismiss the claims filed by Plaintiff, arguing that the exclusive remedy is workers' compensation. The

Court agrees that, under Vermont law, the Complaint does not assert facts sufficient to avoid the exclusivity of the workers' compensation remedy.  The motion to dismiss is therefore granted, though Plaintiff may amend her Complaint within 30 days.  If no amended pleading is filed within that time, the claims against Vail will be dismissed.

## Factual Background

The Complaint alleges that in September 2021, 53-year-old Scott Lewis was working at Stowe Mountain Resort as a guide on the resort's zip line course.  Lewis had worked as a guide at Stowe Mountain Resort for over seven years.  Vail is the owner of Stowe Mountain Resort and was Lewis's employer.

The Complaint claims that Vail fostered competition among employees to see who could achieve the fastest speeds on the zip line course.  Vail employees, including Lewis, wore GPS trackers to record their speeds, "and Vail was aware of and encouraged this practice."  ECF No. 6 at 10, ¶ 30.  Vail also invited local police officers to use radar detectors to record employees' speeds.  *Id.*, ¶ 32.  The Complaint alleges that Vail "encouraged its employees to achieve the fastest speeds possible on the ZipTour zip line because it enhanced Vail's image as supplying greater thrills for its customers, intentionally putting its employees at risk."  *Id.*, ¶ 31.

On September 23, 2021, while leading a group of resort guests on the course, Lewis and another guide descended ahead the group on parallel lines. Lewis is believed to have been travelling at a speed of approximately 76 miles per hour when his trolley braking system failed. According to the allegations in the Complaint, the trolley impacted the terminal brake at the bottom of the descent and the two lanyards attached to the trolley burst, "separating Mr. Lewis from the trolley mechanism and sending him flying into the very solid platform surrounding the zip line anchor many feet beyond the rider landing platform." *Id.* at 10-11, ¶ 36. Lewis died as a result of his injuries.

The Complaint alleges that an investigation by the Vermont Occupational Safety and Health Administration ("VOSHA") determined that the primary attachment lanyard provided by Vail, and used by Lewis, was four years old and had nearly three full seasons of use. Defendant Terra-Nova LLC ("Terra-Nova"), alleged to be the designer, engineer, selector and/or builder of components for the zip line course, had reportedly advised Vail to replace the lanyard annually or after one season of heavy use. The Complaint states that "Vail refused, challenging Terra-Nova's safety recommendation as a ploy to extract more equipment sales knowing that if it was wrong someone could die or be catastrophically injured." *Id.* at 11, ¶ 39.

After receiving Terra-Nova's advice to replace the aging lanyard, Vail allegedly fired Terra-Nova and hired Defendant Precisioneering. The Complaint claims that Precisioneering "also ignored Terra-Nova's recommendations, deeming the worn equipment adequate without any real inspections of the equipment." *Id.*, ¶ 40. Ultimately, according to the Complaint, "what Vail and Precisioneering knew would happen actually did happen. [Lewis] died when his worn equipment failed to stop his greater than highway-speed descent, burst, and launched him into the immovable structure anchoring the zip line cable." *Id.*, ¶ 41.

Count I of the Complaint asserts a claim of wrongful death against Vail. The allegation states that "Vail's intentional actions referenced above amount to a specific intent to injure Mr. Lewis and/or demonstrate [that] Stowe engaged in conduct with knowledge that it was substantially certain to cause injury or death." *Id.*, ¶ 50. The Complaint also contends that such specific intent and/or substantial certainty is sufficient to overcome the Vermont workers' compensation statute's bar on other "rights and remedies of the employee," citing the exclusive remedy provision set forth at 21 V.S.A. § 622. *Id.* Count VII, brought on behalf of the Lewis children, asserts a loss of companionship claim against all Defendants. Count VIII seeks punitive damages solely against Vail.

4

Now before the Court is Vail's motion to dismiss those claims, arguing that they are barred by the Vermont workers' compensation statute, 21 V.S.A. § 622.

## Discussion

Vail moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Reviewing a motion to dismiss under Rule 12(b)(6), the Court liberally construes the claims, accepts the factual allegations in the Complaint as true, and draws all reasonable inferences in the non-movant's favor. *See La Liberte v. Reid*, 966 F.3d 79, 85 (2d Cir. 2020). However, the court does not credit legal conclusions or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

The Vermont workers' compensation statute, 21 V.S.A. § 622, states:

> [T]he rights and remedies granted by the provisions of [the workers' compensation statute] to an employee on account of a personal injury for which he or she is

5

> entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of the employee, the employee's personal representatives, dependents or next of kin, at common law or otherwise on account of such injury.

21 V.S.A. § 622.  Plaintiff does not dispute Vail's assertion that the Estate is receiving benefits under the workers' compensation statute.  ECF No. 21 at 2.  Plaintiff nonetheless contends that she is entitled to bring this action, notwithstanding the exclusive remedy language in 21 V.S.A. § 622, based upon the nature of Vail's alleged conduct.  Specifically, Plaintiff argues that the allegations in the Complaint amount to a plausible claim that Vail had "specific intent" to injure Lewis, and that its actions were therefore outside the protection of the workers' compensation statute's exclusivity provision.  ECF No. 38 at 3 (citing *Martel v. Connor Contracting, Inc.*, 2018 VT 107, ¶ 7).

The parties dispute the current legal standard for avoidance of the exclusivity provision.  Plaintiff submits that she may avoid that provision by showing either Vail's specific intent to injure or substantial certainty of injury or death.  *See, e.g.,* ECF No. 6 at 12, ¶ 50.[1]  Vail argues that the standard is more limited, and that an employee may only bring an action

---

[1] To the extent the Court applied the "substantial certainty" standard in *Buksh v. Sarchino*, No. 2:21-CV-190, 2022 WL 3444980, at *8 (D. Vt. Aug. 17, 2022), that application was not consistent with Vermont law.

"at common law or otherwise" where it can show the employer had deliberate intent to cause the injury.  21 V.S.A. § 622; *see* ECF No. 21 at 5.

In *Martel*, the Vermont Supreme Court tracked the history of its rulings on the exclusivity provision.  The court first discussed *Kittell v. Vermont Weatherboard, Inc.*, 138 Vt. 439 (1980), in which an employee claimed that he was injured after his employer had him operate a saw, without any training or experience, from which the employer had removed all safety equipment.  2018 VT 107, ¶ 8.  *Kittell* held that while the plaintiff had alleged a willful and wanton act by the employer, "[n]othing short of a specific intent to injure falls outside the scope of the [workers' compensation] Act."  138 Vt. at 441.

*Martel* next noted the court's ruling in *Mead v. Western Slate, Inc.*, 2004 VT 11, in which a quarry employee injured in a rock fall filed suit against his employer, claiming that evidence of a recent rock fall in the same location should have caused the employer to stop operations.  *Martel*, 2018 VT 107, ¶ 9.  With respect to application of the workers' compensation exclusivity provision, the trial court instructed the jury that specific intent could be established in one of two ways: that the employer either "had the purpose or desire to cause [the employee] injury or that although [the employer] lacked such purpose or desire [it] knew to a substantial certainty that

7

[its] actions would bring about his injury." *Mead*, 2004 VT 11, ¶ 6.  One question before the Vermont Supreme Court in *Mead* was whether, as suggested by the trial court, it should modify *Kittell* and hold that in addition to specific intent, "intent to injure could be proved where an employer had knowledge of the substantial certainty of injury."  *Martel*, 2018 VT 107, ¶ 9.

The *Mead* decision did not answer that question, finding instead that the evidence was insufficient to satisfy either the specific intent or the substantial certainty standards.  *Id.*, ¶ 10.  As the *Martel* court explained, "the facts of *Mead* meant that we did not need to ... modify the holding in *Kittell* to permit an injured employee to seek a remedy other than workers' compensation where the employer, although having no intent to injure, knew that injury to the employee was substantially certain to occur."  *Id.*

The third decision reviewed in *Martel* was *Stamp Tech. Inc. ex rel. Blair v. Lydall/Thermal Acoustical, Inc.*, 2009 VT 91 ("*Stamp Tech*"), in which a worker sustained injuries when a 200-ton press machine "that may not have had safety guards crushed the employee's arm."  2018 VT 107, ¶ 11.  The trial court granted summary judgment in favor of the employer on the exclusivity question.  The Vermont Supreme Court reversed, again "expressly avoid[ing] considering whether to adopt the substantial-certainty-of-injury standard."  *Id.*  The court

instead based its reversal on the presence of "disputed facts - whether the safety equipment on the press machine existed and, if it did, whether it had been removed - that, when viewed in the light most favorable to the employee, were material and thus rendered summary judgment inappropriate." *Id.*, ¶ 12.

Having revisited those recent decisions, *Martel* declined to accept the argument that it had adopted a substantial-certainty standard. "*Kittell* remains the standard in Vermont, and specific intent under *Kittell* is required to prove that an injury that would otherwise be compensable through workers' compensation has not occurred accidentally and the employee may, therefore, pursue an alternative remedy." *Id.*, ¶ 14. *Martel* further commented that "[i]ntent to injure under *Kittell* is a high bar - it reaches only those instances where an employer deliberately causes an employee an injury." *Id.* (citing *Kittell*, 138 Vt. at 440).[2]

Given that deliberate intent to cause injury is the current standard under Vermont law, the Court turns to the allegations in the Complaint to determine whether it sets forth a plausible claim. *Id.* The Complaint alleges that Terra-Nova advised Vail to replace zipline lanyards annually after one season of heavy

---

[2] Then-Justice Robinson was critical of the majority's ruling, noting in her concurrence that "*Kittell* represents an extremely stringent view of intent from which many states have since evolved." *Id.*, ¶ 32.

9

use.  Vail allegedly challenged that advice, deeming it a ploy by Terra-Nova to extract additional equipment sales.  Vail then terminated Terra-Nova as a vendor.  The lanyard being used by Lewis on the date in question was four years old and had nearly three full seasons of use.

As discussed above, Vail also reportedly encouraged employees to travel the zipline at high speeds.  Ultimately, "what Vail ... knew would happen actually did happen," resulting in equipment failure and Lewis's death.  ECF No. 6 at 11, ¶ 41. A VOSHA report allegedly found that Vail's actions were "likely to cause death or serious physical harm."  *Id.* at 2, ¶ 1.  The Complaint's wrongful death cause of action states that "Vail's intentional actions referenced above amount to a specific intent to injure Mr. Lewis ...."  *Id.* at 12, ¶ 50.

In opposition to the motion to dismiss, Plaintiff argues that the totality of Vail's actions show intent or, "at a minimum, they create a reasonable inference of that intention." ECF No. 38 at 7.  Plaintiff submits that by encouraging employees to maximize their speeds, while at the same time failing to provide safe equipment, Vail's intent to injure, whether motivated by "sport, or profit, or another selfish reason," involved a conscious decision to injure employees.  *Id.* at 8.

Plaintiff relies in part on *Stamp Tech*, in which there was a disputed issue of fact about whether the employer had removed a guard on a press machine. 2009 VT 91, ¶ 2; *see also id.*, ¶ 31 (highlighting the "continuing dispute over how the accident occurred"). The Vermont Supreme Court reversed the lower court's summary judgment ruling in favor of the employer, concluding that "the facts alleged by plaintiff [were] susceptible to competing inferences," and that the lower court had failed to afford the non-moving party the "benefit of all reasonable doubts and inferences" as required at summary judgment. *Id.*, ¶ 31. The court also warned that "[i]ntent must often be inferred from a party's acts, and where intent is a dispositive issue, courts should exercise caution in granting summary judgment." *Id*.

Two justices in *Stamp Tech* dissented, opining that intentional acts, such as the employer's alleged removal of the guard, were "not synonymous with specific intent to injure." *Id.*, ¶ 37. The dissent also noted that "plaintiff appeared to concede there was no proof of any specific intent to injure, claiming instead that the injury was 'inevitable,' or was a 'substantial certainty.'" *Id.* The dissent then interpreted the majority opinion as applying a "substantial certainty" standard: "[u]ntil today, there was no 'substantial certainty of injury' exception to the exclusivity of workers' compensation, and

11

plaintiff's evidence could not support such a claim even when allowed now."  *Id.*, ¶ 42.

To the extent the Vermont Supreme Court's *Stamp Tech* decision gave rise to any uncertainty about the standard applicable to the exclusivity provision, *Martel* has since made the court's position clear: *Kittell* is the law, and the standard is deliberate intent to injure.  2018 VT 107, ¶ 14.  "[G]ross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence" is insufficient.  *Kittell*, 138 Vt. at 441 (citation omitted).  Foreseeable injury is equally insufficient. *See id.* at 440-41; *Martel*, 2018 VT 107, ¶ 14.

In the instant case, the Court accepts the facts alleged in the Complaint as true, and thus need not consider the sorts of disputed facts at issue in *Stamp Tech*.  The Court also has the benefit of the clarification in *Martel* as to the applicable legal standard.  Accordingly, the question before the Court is whether the facts in the Complaint, accepted as true and drawing all reasonable inferences in Plaintiff's favor, amount to a plausible claim that Vail took deliberate actions with the intent to injure.

The Complaint alleges that Vail willfully encouraged employees to travel on ziplines at excessive speeds.  The Complaint further alleges that safety bulletins and recommendations were deliberately ignored, thus suggesting

12

wanton, willful or gross negligence.  The Complaint does not, however, plausibly allege that any actions by Vail were taken, either individually or collectively, with the deliberate intent to cause harm to Lewis or any other employee.

While the Complaint states that it is alleging specific intent to injure, the Court does not accept a legal conclusion set forth in a complaint as true.  *Iqbal*, 556 U.S. at 678.  The Court must instead find facts to support a plausible claim.  *Id.* ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Making all reasonable inferences in Plaintiff's favor, and accepting her factual allegations as true, the Court finds no plausible claim that anyone at Vail acted with the deliberate intention of causing an injury.  Consequently, Plaintiff's allegations are insufficient to avoid the exclusivity provision in Vermont's workers' compensation statute, and Vail's motion to dismiss is granted.

Plaintiff asks the Court, in the event the motion to dismiss is granted, for leave to amend her Complaint.  That request is granted, and Plaintiff may file an Amended Complaint within 30 days of this Opinion and Order.  Failure to satisfy that deadline will result in the dismissal of Plaintiff's claims against Vail.

13

**Conclusion**

For the reasons set forth above, Vail's motion to dismiss (ECF No. 21) is granted.  Plaintiff may file an Amended Complaint within 30 days of this Opinion and Order.  Failure to satisfy that deadline will result in the dismissal of all claims brought by Plaintiff against Vail.

DATED at Burlington, in the District of Vermont, this 10th day of May, 2024.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge